UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE CO. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 4:17-CV-00762 JAR |
| LINCOLN COUNTY, MISSOURI, *et al.* | ) ) ) | |
| Defendants. | ) | |

**DEFENDANT FARIA'S MOTION FOR PROTECTIVE ORDER
AS TO TOPICS TO BE RAISED AT HIS DEPOSITION**

Comes now Defendant Russell Faria by counsel W. Bevis Schock, Joel J. Schwartz and Nathan Swanson, and states for his Fed.R.Civ.P. 26(c)(1)(D) Motion for Protective Order as to Topics to be raised at his Deposition:

1. Plaintiff in this action is an insurance company which seeks a declaratory judgment that it has no duty to defend or pay judgments or settlements on behalf of Defendants in a civil rights suit filed by Russell Faria, 4:16-CV-01175-JAR, Faria v. McCarrick, *et al.*, which is currently pending before this court.

2. Those Defendants are Sergeant Ryan J. McCarrick, Detective Michael Merkel, Detective Patrick Harney, Prosecuting Attorney Leah Askey, ("the individual Defendants in the civil rights case"), and Lincoln County.

3. Faria's civil rights case asserts, in brief summary, that when the individual Defendants in that case prosecuted him in a criminal case for the murder of his wife, they violated his rights under the United States constitution by ignoring exonerating evidence, ignoring the

obvious suspect, and fabricating evidence. (Faria also asserts *Monell* liability for Lincoln County).

4. In the civil rights case written discovery is well underway and/or nearly complete and the parties are making strong headway at scheduling depositions.

5. In this case written discovery is getting started, and Faria is about to deliver to all parties the same documents he delivered to Defendants in the civil rights case, that is approximately 5000 pages of documents, fully indexed, which Faria believes are relevant to that case, and another approximately 3000 pages, unindexed, which are all the other non-privileged documents in Faria's possession which relate to the murder of Betsy Faria.

6. Several weeks ago Faria sent to all counsel in this case a draft of this Motion and since then Bevis Schock, counsel for Faria, and J.C. Pleban, counsel for Defendant Merkel, have had several phone conferences about the subject, and Mr. Schock and Jeremy Staley, counsel for Argonaut have had an in-person conference on the subject.

7. Defendant Merkel has recently set the deposition of Faria in this matter.

8. Counsel for Defendant Merkel has agreed that in this Motion undersigned counsel may represent to the court that during that deposition Defendant Merkel intends to depose Faria about his activities the night of the murder.

9. Defendant Faria has nothing to hide about that evening, and presumes that his activities that night will play a major role in the civil rights case, but Faria further believes that:

    a. It would be a waste of judicial resources for him to be deposed in that case and in this case on the same subject, and

2

    b.    His activities that night are irrelevant to this case because they do not bear on whether Argonaut must provide coverage or not, which is the subject of this case. See Fed.R.Civ.P. 26(b)(1):

> *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

10.    (Faria also notes that Mr. Pleban represents Merkel in both cases).

11.    This Motion therefore seeks to limit the scope of discovery to certain matters, Fed.R.Civ.P. 26(c)(1)(D).

12.    Faria suggests that the pleadings in this case, including the counterclaims, put into dispute only the following issues:

    a.    The exact conduct undertaken by the individual Defendants in the civil rights case after the murder of Betsy Faria on December 27, 2011 but before the expiration of that year,

    b.    Whether the conduct of the individual Defendants in the civil rights case was intentional,

    c.    Whether the conduct of the individual Defendants in the civil rights case was within the course and scope of their employment,

    d.    Whether the conduct of the individual Defendants in the civil rights case was "wrongful" as "wrongful" is defined in the policy, including whether it was

3

   dishonest, malicious, fraudulent or criminal, or a knowing violation of any law statute or government regulation,

e.  Whether there was one wrongful act or there were several wrongful acts,

f.  Whether Prosecuting Attorney Askey is a "Lincoln County elected official" as opposed to a state government official,

g.  Whether the conduct of the individual Defendants in the civil rights case was undertaken in furtherance of the interests of Lincoln County,

h.  Whether the Argonaut policy was "excess",

i.  Whether any Defendant in the civil rights case is entitled to the defenses of sovereign immunity or official immunity, although Faria believes those issues will only properly be raised in the civil rights case and not in this case, because those defenses address the liability of the Defendants therein but do not address the duty of Argonaut to provide insurance to assert those defenses,

j.  The interaction between Argonaut's insurance policy which began at the beginning of calendar year 2012 and a separate policy issued by MOPERM which ended at the end of calendar year 2011, including whether MOPERM has a duty to defend the civil rights case and whether MOPERM's policy must be "exhausted" before Argonaut has a duty to defend,

k.  Any duty of Argonaut to provide coverage for punitive damages, and

l.  Any direct interactions between Faria and the individual Defendants in the civil rights case.  (Some such interaction occurred while Faria was in custody during the day and a half after the murder, and there was then some further brief interaction while he was in custody awaiting trial).

4

13. Faria has no personal knowledge of any of those issues except to the extent of his interaction with the individual Defendants in the civil rights case.

14. On the subject of his interaction with the other Defendants in this case and any other law enforcement Faria will respond fully.  (Nevertheless, after the first approximately 36 hours after the murder, Faria exercised his Fifth Amendment right to remain silent).

15. Whether Faria actually murdered his wife, (which he did not), has nothing to do with Argonaut's duty to provide coverage in this case, and inquiry into that topic at a deposition in this case would be discovery that is "not relevant to any party's claim or defense."

16. Faria acknowledges that his pleadings in the civil rights case are relevant, but further asserts that they speak for themselves, and the truth of each allegation therein is for that case, not this case.

17. *Smith v. Dowson*, 158 F.R.D. 138 (D. Minn. 1994) at 140 and 142 provides a discussion of the law on this subject of this Motion:

> Discovery of matters under Rule 26(b), which are "relevant to the subject matter," is broad enough to include not only matters which are admissible in evidence, but also those matters which appear "reasonably calculated to lead to the discovery of admissible evidence." *Rule 26(b)(1)*.  Nonetheless, if discovery relates to matters, which are irrelevant under Rule 26(b), "courts have begun to [circumscribe discovery in advance pursuant to Rule 26(c)(4)] with more frequency * * *." *Moore's Federal Practice,* ¶ 26.24; see also, *Navel Orange Administrative Committee v. Exeter Orange Co.,* 722 F.2d 449 (9th Cir.1983) (protective order limiting discovery of irrelevant material consistent with court's discretion under Rule 1).  Thus, a showing of irrelevancy of proposed discovery can satisfy the "good cause" requirement of Rule 26(c). See, e.g., *United States v. Princeton Gamma–Tech, Inc.,* 817 F.Supp. 488, 493 (D.N.J.1993); *Cooper v. Secretary of Air Force,* 132 F.R.D. 119, 122 (D.D.C.1990).
>
> …
>
> [W]e join in the view that, "[e]ven though the standard of relevancy for discovery purposes is a liberal one * * * the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear

5

> germane on the theory that it might become so." *Blum v. Schlegel,* 150 F.R.D. 38, 39 (W.D.N.Y.1993), quoting *Broadway & Ninety–Sixth St. Realty Co. v. Loew's Inc.,* 21 F.R.D. 347, 352 (S.D.N.Y.1958).

18. Faria suggests that a transcript of his deposition in the civil rights case be distributed to all parties in this case.

19. (Undersigned counsel anticipates that counsel for the parties herein will work cooperatively to delay Faria's deposition in this case until this Motion is resolved).

WHEREFORE, Defendant Russell Faria moves the court to issue a Protective Order limiting the topics in this case's deposition of Russell Faria to Mr. Faria's personal knowledge of his interactions with the individual Defendants in the civil rights case and any contact with other law enforcement, and to specifically exclude questions related to the actual events of the night of the murder of Betsy Faria except to the extent they relate to his interactions with the individual Defendants in the civil rights case and with any other law enforcement, and that a copy of Faria's deposition in his civil rights case be distributed to all counsel in this case.

### CERTIFICATION OF ATTEMPT TO RESOLVE

I am W. Bevis Schock, one of the attorneys for Russell Faria in this case.  The week of June 19, 2017 I emailed to all counsel in this case a very close draft of the Motion.  I have since had several conversations with J.C. Pleban, counsel for Defendant Merkel, on the subject and have had an in-person meeting with Jeremy Staley, counsel for Argonaut, on the subject.  Those conversations have not resolved this dispute.

    /s/ W. Bevis Schock   .

July 27, 2017

Respectfully Submitted,

Counsel for Defendant Faria

    /s/ W. Bevis Schock   .
W. Bevis Schock, 32551MO
Attorney at Law
7777 Bonhomme Ave., Ste. 1300
St. Louis, MO  63105
wbschock@schocklaw.com

Fax: 314-721-1698
Voice: 314-726-2322

  /s/ Joel J. Schwartz  .
Joel J. Schwartz, 39066MO
Rosenblum, Schwartz and Fry
120 S. Central, Ste. 130
St. Louis, MO  63105
Fax: 314-862-8050
Voice: 314-862-4332

  /s/ Nathan T. Swanson  .
Nathan T. Swanson, 62616MO
Rosenblum, Schwartz and Fry
120 S. Central, Ste. 130
St. Louis, MO  63105
Fax: 314-862-8050
Voice: 314-862-4332

CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2017 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:
All counsel of record
  /s/ W. Bevis Schock  .
W. Bevis Schock, 32551MO