**IN THE UNITED STATES DISTRICT
FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Cause No.: 4:17-cv-762 |
| | ) |
| LINCOLN COUNTY, MISSOURI, | ) |
| SERGEANT RYAN J. McCARRICK, | ) |
| DETECTIVE MICHAEL MERKEL, | ) |
| DETECTIVE PATRICK HARNEY, | )   **JURY DEMANDED** |
| PROSECUTING ATTORNEY LEAH ASKEY, | ) |
| and RUSSELL SCOTT FARIA, | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT FARIA'S MOTION FOR PROTECTIVE ORDER
AS TO TOPICS RAISED AT HIS DEPOSITION**

COMES NOW Plaintiff, Argonaut Great Central Insurance Company ("AGCIC"), by its attorneys, Foley & Mansfield, P.L.L.P., and for its Memorandum in Opposition to Defendant Faria's Motion for Protective Order As To Topics Raised At His Deposition, states as follows:

**BACKGROUND**

The nature of this litigation is a declaratory judgment action filed by Plaintiff AGCIC in which AGCIC seeks, among other relief, a declaration that AGCIC's policies of insurance do not provide coverage for the claims made by defendant Russell Scott Faria ("Underlying Plaintiff" or "Faria") against defendants Lincoln County, Missouri, Sergeant Ryan J. McCarrick, Detective Michael Merkel, Detective Patrick Harney, and Prosecuting Attorney Leah Askey (collectively hereinafter "Underlying Defendants") in the United States District Court for the Eastern District of Missouri, entitled *Russell Scott Faria v. Sergeant Ryan J. McCarrick, et al.*, Case No. 4:16-

CV-01175 JAR (the "Underlying Lawsuit").  (*See generally*, Doc. 55).  According to the allegations in the Underlying Lawsuit, Faria was wrongfully convicted of the murder of his wife, Betsy Faria, due to the alleged conduct of the Underlying Defendants.

This Court has entered a scheduling order in this matter, which governs the discovery schedule.  (Doc. 51).   The parties have served their respective disclosures pursuant to Rule 26(a)(1).  AGCIC has recently served interrogatories and requests for production of documents to each defendant.  Defendant Michael Merkel has requested the deposition of Defendant Faria to occur later this month.

Defendant Faria filed his Motion For Protective Order on July 27, 2017.  (Doc. 57).   In the motion, Faria argues that the topics to be raised at his deposition should be limited pursuant to Rules 26(b) and 26(c)(1)(D) of the Federal Rules of Civil Procedure.   More specifically, Faria requests that this Court enter a protective order (i) limiting the topics in this case's deposition of Mr. Faria to his personal knowledge of his interactions with the Underlying Defendants and any contact with other law enforcement; (ii) excluding questions related to the actual events of the night of the murder of Betsy Faria except to the extent they relate to his interactions with the individual Defendants in the civil rights case and with any other law enforcement, and (iii) ordering that a copy of Faria's deposition in his civil rights case be distributed to all counsel in this case.

## ARGUMENT

Under Rule 26(b) of the Federal Rules of Civil Procedure, the scope of discovery is "extremely broad."  *Mills v. Liberty Mut. Ins. Co.*, No. 4:16-CV-00571-JAR, 2017 WL 1497904, at *2 (E.D. Mo. Apr. 24, 2017).   A court may forbid inquiry into certain matters during discovery upon a movant's showing the need for protection from annoyance, embarrassment,

oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c).   The party moving for the protective order has the burden to demonstrate good cause for issuance of the order. *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2,* 197 F.3d 922, 926 (8th Cir.1999).  In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted."  *Leisman v. Archway Med., Inc.*, No. 4:14-cv-1222 RLW, 2015 WL 4994084, at *2 (E.D. Mo. Aug. 19, 2015).

Faria argues that because co-defendant Michael Merkel intends to depose Faria about his activities on the night of the murder, a protective order is necessary.  However, Faria also acknowledges that he "has nothing to hide about that evening" and presumes that his activities that night "will play a major role" in the Underlying Lawsuit.  (Doc. 57 ¶ 9).  He also acknowledges that his pleadings in the Underlying Lawsuit are relevant.  (Doc. 57 ¶ 16). Nonetheless, he contends that whether he actually murdered his wife has nothing to do with AGCIC's duty to provide coverage in this case and that inquiry into the murder at his deposition would be irrelevant discovery.

AGCIC's Complaint asserts many grounds upon which this Court should declare that AGCIC's insurance policies provide no coverage for the Underlying Defendants in the Underlying Lawsuit.  Those grounds include coverage definitions, exclusions, and limitations contained in the insurance policies.  (*See* Doc. 55 ¶¶ 25-39).  By way of example, the insurance policies' Law Enforcement Liability Coverage Part excludes claims arising out of a dishonest, malicious, fraudulent, or criminal act.  (Doc. 55 ¶ 26(D); Doc. 57 ¶ 12(d)).  Among the allegations raised in the Underlying Lawsuit and referenced in AGCIC's Complaint are that the Underlying Defendants administered a "faux polygraph" test, failed to consider certain exculpatory and inculpatory evidence, and failed to conduct certain blood tests.  (Doc. 55 ¶ 29)

3

(citing underlying complaint).  The events of the night of the murder—depending on the testimony of Faria—could be relevant to a determination as to whether that exclusion applies. Similarly, the Law Enforcement Liability Coverage Part excludes punitive damages.  (Doc. 55 ¶ 26(G); Doc. 57 ¶ 12(k)).  Again, the events of the night of the murder could have bearing on whether punitive damages are at issue.

AGCIC has undertaken defense of the Underlying Defendants in the Underlying Lawsuit under a reservation of rights.  (Doc. 55 ¶ 23).  Any information relevant to the events alleged in the Underlying Lawsuit, including the night of the murder, have direct bearing on AGCIC's rights and obligations regarding the defense of the Underlying Defendants while this declaratory judgment action is pending.  This is further reason that a limitation on deposition topics would be improper.

Discovery recently commenced in this litigation.  AGCIC served its first interrogatories and requests for production to each of the defendants on July 18, 2017.  Responses thereto are not due until later this month.  Therefore, AGCIC is not yet in a position to determine each topic about which it seeks to  inquire at Faria's deposition.  Similarly, the defendants' Rule 26(a) initial disclosures contained voluminous records which AGCIC has not completed reviewing. Although AGCIC has not decided or represented that it plans to examine Mr. Faria about the events of the night of Betsy Faria's murder, to preemptively preclude such line of inquiry may prejudice AGCIC's ability to gather all evidence reasonably calculated to lead to the discovery of admissible evidence.  It is simply too early to bar such discover.  As the saying goes, AGCIC doesn't know what it doesn't know.

Furthermore, Faria's motion overlooks the fact that he retains the option of seeking leave to amend his complaint against the Underlying Defendants.  Any amendment to the underlying

complaint has direct bearing on AGCIC's declaratory judgment action.  (*See* Doc. 57 ¶ 16).  If Faria's requested protective order were entered, and then sometime after his deposition he were to amend the underlying complaint regarding the night of the murder, then AGCIC would be prejudiced in its ability to inquire as to all relevant topics at his deposition.

For the same reasons provided *supra*, Faria's motion should also be denied to the extent it seeks to limit his deposition to topics to his "personal knowledge of his interactions with the individual Defendants in the civil rights case and any contact with other law enforcement." (Doc. 57 p. 6).  Faria has shown no reason he would suffer harm or prejudice if AGCIC were to request relevant information regarding his interactions with persons other than Defendants or other law enforcement.  By way of example, Faria may have had relevant knowledge of or interactions with state officials, private investigators, news organizations, former employees of Lincoln County, and other insurers.  As stated previously, AGCIC has not yet determined which topics are or are not relevant to its prosecution of this matter, given the early stages of discovery in this matter.

AGCIC understands the sensitive nature of the subject matter in the Underlying Lawsuit, namely the events of the murder of Faria's wife and Faria's subsequently overturned conviction for the same. By the same token, Faria has placed that subject matter front and center in the Underlying Lawsuit.  Because AGCIC's declaratory judgment action arises from the allegations made in the Underlying Lawsuit, the full scope of evidence relevant AGCIC's insurance coverage for those allegations should be permissible in this litigation.

## CONCLUSION

The Underlying Lawsuit is premised upon, among other things, what did—and did not—occur on the night of Betsy Faria's murder.  The instant litigation derives from the allegations in the Underlying Lawsuit.  Faria has stated he has "nothing to hide" about the night of the murder.  Because the scope of discovery under Rule 26(b) is extremely broad, and because the lines of inquiry Faria seeks to preclude are likely relevant to the issues raised in AGCIC's petition for declaratory judgment, it would be improper to preemptively preclude entire lines of inquiry at this early stage in the litigation.  Furthermore, Faria has not made the requisite showing that he will suffer annoyance, embarrassment, oppression, undue burden, prejudice, or harm in the absence of a protective order.  For these reasons, Plaintiff AGCIC respectfully requests that the Court deny Defendant Faria's motion for protective order.

Respectfully submitted,

**FOLEY & MANSFIELD, P.L.L.P.**

By /s/ *Jeremy T. Staley*
C. Raymond Bell, #39605
rbell@foleymansfield.com
Jeremy T. Staley, #66254
jstaley@foleymansfield.com
101 South Hanley Rd., Ste. 600
St. Louis, Missouri  63105
(314) 925-5710
(314) 925-5701 (fax)

Attorneys for Plaintiff,
Argonaut Great Central Insurance Company

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on August 3, 2017 a true and accurate copy of the foregoing document was filed with the United States District Court for the Eastern District of Missouri by way of the Court's CM/ECF system which sent notification to all parties entitled to service.


*/s/ Jeremy T. Staley*