**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ARGONAUT GREAT CENTRAL | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.: 4:17-CV-00762-JAR |
| | ) | |
| | ) | |
| LINCOLN COUNTY, MISSOURI, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**DEFENDANT MICHAEL MERKEL'S MEMORANDUM IN OPPOSITION TO**</u>
<u>**DEFENDANT FARIA'S MOTION FOR PROTECTIVE ORDER**</u>

COMES NOW Defendant Michael Merkel, by and through the undersigned, and for his Memorandum in Opposition to Defendant Russell Faria's Motion for Protective Order (Doc. No. 57), states to the Court as follows:

Defendant Faria asks this Court to grant him a protective order to "specifically exclude" from discovery "the actual events of the night of the murder of Betsy Faria." Defendant Faria is not entitled to such a protective order. First, protective orders may only be granted if the movant demonstrates <u>both</u> that "good cause exists" and that propounded discovery would cause "annoyance, embarrassment, oppression, or undue burden or expense," which Defendant Faria wholly fails to do. Second, Defendant Faria appears to suggest that any discovery regarding his conduct on and about the night of his wife's murder is irrelevant to the claims at issue in this case. Nothing could be further from the truth. Defendant Merkel contends that he had, and still has, the reasonable, good faith belief that Defendant Faria murdered his wife. Accordingly, discovery regarding Defendant Faria's thoughts and actions during the time frame of his wife's murder, and

during the subsequent investigation of same, bear directly upon the issue of whether Plaintiff Argonaut must insure and defend Defendant Merkel in the underlying action.

## I.    Defendant Faria Fails to Meet his Burden

The movant for a protective order bears the burden to demonstrate "the necessity of its issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Burke v. Ability Ins. Co.*, 2013 U.S. Dist. LEXIS 30487, at *3 (D.S.D. Mar. 6, 2013) (citing *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)) (internal quotation marks omitted). The "necessity" of a protective order's issuance turns upon whether "good cause" exists. FED. R. CIV. P. 26(c). "Good cause" is established upon a showing that disclosure "will work a clearly defined and serious injury to the party seeking disclosure," which "must be shown with specificity," and mere "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." *Burke* at *3 (quoting *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3rd Cir. 1994)).

Here, Defendant Faria has offered nothing more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." Indeed, the only issue Defendant Faria articulates is that it would be a "waste of judicial resources" for him to be deposed in this case as well as in the Underlying Suit and that his actions the night of Betsy's murder are "irrelevant." Faria's Motion for Protective Order, Doc. No. 57 Pg. 2, ¶ 8. These conclusory assertions that discovery requests will go "beyond the scope of the pleadings" simply do not satisfy Defendant Faria's burden to demonstrate "particular and specific" facts, and instead are precisely the type of "stereotyped and conclusory statements" that the *Burke* court held to be insufficient to justify a protective order. Indeed, the only reasons proffered by Defendant Faria in support of his

motion for a protective order—that the discovery potentially sought would be "beyond the scope of the pleadings" and that the evidence would not be "relevant to any claim or defense"—are not even permissible reasons for granting a protective order under Rule 26(c).[1] In other words, Defendant Faria has failed to meet his burden demonstrating the "necessity" and "good cause" for this particular protective order, and accordingly his motion should be denied.

## II.   Matters Faria Seeks to Exclude from Discovery are the very Heart of this Case

Not only does Defendant Faria fail to meet his burden demonstrating the necessity of a protective order, but the very evidence he seeks to exclude is critical to evaluating the merits of any claims and defenses presented in this case. Defendant's Motion seeks to exclude the "actual events of the night of the murder of Betsy Faria."[2] Defendant Faria conclusorily claims that discovery regarding the events of that night are "beyond the scope of the pleadings." In point of fact, the facts surrounding the murder of Betsy Faria are at the very heart of this case.

In this action, Plaintiff Argonaut seeks to disclaim coverage for the underlying lawsuit, in part because of what Defendant Faria alleged Defendants Merkel, McCarrick, Askey, and Harney (the "Individual Defendants") did during the course of their investigation and prosecution of Defendant Faria. However, the conduct of the Individual Defendants cannot be examined in a vacuum, but instead can only be evaluated vis-à-vis the conduct of Defendant Faria that caused them to act as they did. The Individual Defendants in this case cannot properly defend and assert their rights under the relevant insurance policies without evidence establishing the cause for which they are alleged to have acted wrongfully. Distilled to their very essence, Defendant Faria's claims in the underlying action are that the Individual Defendants wrongfully and unreasonably chose

---

[1] A court "may" issue a protective order to protect a party from "annoyance, embarrassment, oppression, or undue influence" upon a finding that "good cause" exists to so order. FED. R. CIV. P. 26(c).

[2] It is not even particularly clear what, specifically, Defendant Faria seeks to exclude from discovery. Defendant Merkel submits that his Motion is accordingly deficient for this additional reason.

Defendant Faria as the only suspect in the murder of his wife in an effort to frame him. However, the Individual Defendants did not arbitrarily pluck Defendant Faria out of thin air as a suspect in Betsy Faria's death. Defendant Merkel contends that Defendant Faria's conduct that night, and during the course of the investigation, as well as other evidence gathered during that investigation gave rise to the reasonable, good faith belief that Defendant Faria had, in fact, murdered his wife.

As even a cursory review a Plaintiff's complaint filed in this case will demonstrate, Plaintiff Argonaut's allegations are predicated entirely upon the allegations made by Defendant Faria in the underlying case. At minimum, any evidence relevant in the underlying case would therefore be relevant to this action. There is no way the factfinder in this case can determine whether the Individual Defendants acted, *inter alia*, "recklessly" or "maliciously" or "without probable cause" as Plaintiff Argonaut's complaint alleges without evidence from Defendant Faria himself. Defendnat Merkel asserts that the conduct of Defendant Faria on the night of his wife's murder and during the subsequent investigation caused him and the other Individual Defendants to act as they did. Accordingly, the evidence Defendant Faria seeks to exclude from discovery in this case is crucial to the full and fair adjudication of all claims and defenses put forth in this action, and Defendant Faria's Motion for Protective Order must therefore be denied.

### III.    Plaintiff also Opposes Defendant Faria's Attempt to Limit Discovery

Plaintiff Argonaut Insurance also contends that Defendant Faria's motion would improperly exclude evidence that may be vital to the full and adequate disposition of the claims made in this case. *Plaintiff's Memorandum in Opposition to Defendant Faria's Motion for Protective Order as to Topics Raised at his Deposition* (Doc. 59). Defendant Merkel joins in many of the arguments advanced by Plaintiff Argonaut. Plaintiff Argonaut also recognizes that Defendant Faria's conduct on the night of the murder are necessary to adequately determine

whether the Individual Defendants' conduct falls within the terms of the policy, that Faria himself has asserted that he has nothing to hide, and that no prejudice would result to him. Furthermore, as Plaintiff Argonaut points out, discovery in this case is still in preliminary stages, and that Defendant Faria could amend his complaint. For these additional reasons, Defendant Faria's motion should be denied.

## IV.    Conclusion

Defendant Faria's Motion for Protective Order sets forth nothing more than "stereotyped and conclusory statements," and does not set forth any "specific examples or articulated reasoning" that would establish the "good cause" demanded by the Federal Rules of Civil Procedure to enter a protective order. Defendant Faria does not even bother to state how any such discovery he seeks to exclude would cause him "annoyance, embarrassment, oppression, or undue burden or expense" as also demanded by Rule 26(c). Accordingly, Defendant Faria has failed to meet his burden that a protective order should be granted. Moreover, his stated reasons that such evidence is irrelevant and beyond the scope of the pleadings are not even true. The evidence Defendant Faria seeks to exclude is essential to fully and fairly adjudicating the claims and defenses set forth in this case. Accordingly, Defendant Faria's Motion for Protective Order should be denied.

Respectfully submitted,

PLEBAN & PETRUSKA LAW, L.L.C.

By:     /s/ Steven R. Kratky
        J.C. Pleban, MO#63166
        jc@plebanlaw.com
        C. John Pleban, MO#24190
        cpleban@plebanlaw.com
        Steven R. Kratky, MO#61442
        skratky@plebanlaw.com
        2010 South Big Bend Blvd.
        St. Louis, Missouri 63117
        (314) 645-6666 – Telephone
        (314) 645-7376 – Facsimile

        *Attorneys for Defendant Merkel*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and complete copy of the foregoing was served upon all counsel of record on this 3rd day of August, 2017, via the Court's electronic filing system.

                        /s/ Steven R. Kratky