UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Argonaut Great Central Insurance Company, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Lincoln County, Missouri, *et al.,* )<br>)<br>Defendants. ) | Civil Action No. 4:17-cv-762 CEJ |

### ANSWER AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants Lincoln County, Ryan McCarrick, Patrick Harney, and Leah Askey ("Lincoln County Defendants") submit their Answer and Counterclaim to Plaintiff's First Amended Complaint, and in response to each enumerated allegation of the complaint of plaintiff Argonaut Great Central Insurance Company ("AGCIC") state as follows:

### Answer

#### Jurisdiction

1. Lincoln County Defendants do not have sufficient information at this time to admit or deny this allegation and therefore deny same.

2. Lincoln County Defendants admit that the amount in controversy exceeds $75,000.00.

#### Parties

3. Lincoln County Defendants do not have sufficient information at this time to admit or deny this allegation and therefore deny same.

4. Defendant Lincoln County admits that it is a properly formed county of the State of Missouri with its offices located at 201 Main Street, Troy, Missouri and for purposes of

1

diversity jurisdiction is "citizen" of Missouri.

5-9.    Lincoln County Defendants admit that the referenced underlying complaint identifies the defendants in the instant case as residents of Missouri, but Lincoln County Defendants object to the use of or reliance on the unadjudicated allegations of said complaint to establish the fact of such residence. Lincoln County Defendants do not have sufficient information at this time to admit or deny the residency of the individual defendants in the instant case and therefore deny same.

## Venue

10.    Lincoln County Defendants do not have sufficient information at this time to admit or deny this allegation and therefore deny same.

## Insurance Policies

11.    Lincoln County Defendants admit that AGCIC provides or provided liability insurance coverage to Lincoln County Defendants in accord with the terms of one or more certain policies, but Lincoln County Defendants do not have sufficient information at this time to admit or deny the period during which the policy or policies were in effect and therefore deny same.

12.    Lincoln County Defendants admit that AGCIC provides or provided liability insurance coverage to Lincoln County Defendants in accord with the terms of one or more certain policies, but at this time Lincoln County Defendants have not obtained copies of the policies and are unable to admit or deny whether the policies referenced are true and correct copies or are identical to each other. Lincoln County Defendants accordingly deny same.

## General Statement of Facts and Underlying Lawsuit

13.    Lincoln County Defendants admit that Russell Faria filed a Complaint and a First

Amended Complaint against the Lincoln County Defendants as stated (the "Faria Complaint").

14-19.   Lincoln County Defendants admit that plaintiff's restatement of the allegations of the Faria Complaint is generally accurate but state further that the complaint speaks for itself. Lincoln County Defendants deny plaintiff's legal conclusions that the Faria Complaint's allegations of intentional or wrongful misconduct can be used to deny insurance coverage to the Lincoln County Defendants. Lincoln County Defendants object to the use of or reliance on those allegations to establish any facts on which the instant suit is to be determined, as the Faria Complaint has not yet been resolved and there has been no final or binding adjudication of its allegations.

20.   Lincoln County Defendants make no response to paragraph 20 of the complaint because plaintiff has dismissed Count V of the underlying Faria Complaint.

21-22.   Lincoln County Defendants admit that plaintiff's restatement of the allegations of the Faria Complaint is generally accurate but state further that the complaint speaks for itself. Lincoln County Defendants deny plaintiff's legal conclusions that the Faria Complaint's allegations of intentional or wrongful misconduct can be used to deny insurance coverage to the Lincoln County Defendants. Lincoln County Defendants object to the use of or reliance on those allegations to establish any facts on which the instant suit is to be determined, as the Faria Complaint has not yet been resolved and there has been no final or binding adjudication of its allegations.

23.   Lincoln County Defendants admit that they requested AGCIC to defend them from the Faria Complaint and to indemnify them for any damages that might be awarded as a result of the complaint.

24.   Lincoln County Defendants admit that AGCIC has been providing them with a

defense of the Fariah, but Lincoln County Defendants do not have sufficient information at this time to admit or deny that AGCIC did so under a "reservation of rights", or if so, the reasons alleged for such reservation, and therefore deny same.

## Declaratory Judgment

25-38.   Lincoln County Defendants deny AGCIC's conclusion that, for the various and sundry reasons listed, AGCIC is not obligated to provide Lincoln County Defendants with a defense of, and indemnity relating to, the Faria Complaint.

39.   Lincoln County Defendants admit that a justiciable controversy exists as to the rights, duties, and obligations of the parties arising out of the terms of the AGCIC insurance policy or policies.

## **Counterclaim**

1.   Defendant Lincoln County purchased liability insurance from AGCIC to protect itself and its employees from the expense of certain litigation, specifically the costs of defending covered claims and any resulting damages. AGCIC accepted the defendant's timely premiums and promised to provide insurance coverage as noted in its policy or policies.

2.   Lincoln County Defendants were served with the Faria Complaint and tendered the defense to AGCIC, which assumed the defense of the case pursuant to the AGCIC policy or policies. AGCIC now seeks to avoid its obligations under the noted insurance policy or policies.

3.   AGCIC's primary reason for its attempted avoidance is the allegations made in the Faria Complaint. These allegations do not assert negligence on the part of the Lincoln County Defendants but instead assert that the defendants acted intentionally, dishonestly, maliciously, wrongfully, recklessly, and in knowing violation of law. But the allegations of a complaint in a federal civil case are intended to give notice of a claim or potential claim to the defending party,

4

and they encompass any actionable claim that might fall within the scope of the allegations. On information and belief, the allegations of the instant complaint encompass acts that are insured under the AGCIC policies. Moreover, they facts underlying the allegations have not been finally adjudicated. Until final adjudication of the claims underlying the Faria Complaint, AGCIC's obligations to the Lincoln County Defendants cannot be finally determined. In the absence of a final determination, AGCIC's obligations to the Lincoln County Defendants cannot be assessed. AGCIC accordingly owes the Lincoln County Defendants, at minimum, a defense to the Faria Complaint, including all costs and attorney fees, and depending on the outcome of the litigation, AGCIC may owe one or more of the Lincoln County Defendants indemnification for any damages finally awarded and resulting from the Faria Complaint.

    4.    There are no other policy exclusions or exceptions that justify AGCIC's attempt to avoid its contractual obligations:

    A.    The "occurrence", for purposes of determining liability insurance coverage, is the point at which a party is actually damaged. In a claim for alleged law enforcement misconduct in a wrongful prosecution case, the date of actual damage is the date on which the criminal complaint is filed. Under the complaint's own allegations, the insurance in question was in force at the time criminal charges were brought against plaintiff Faria in the underlying action, that date being January 4, 2012.

    B.    AGCIC's policies are not "excess" over any coverage of the Lincoln County Defendants that may have existed prior to January 1, 2012, as the covered occurrence—the charging of the plaintiff in the Faria Complaint, occurred on January 4, 2012. The AGCIC coverage is thus primary.

    C.    AGCIC's claim that coverage does not extend to defendant Askey,

because Askey is a "state official" under the law, is incorrect. As a matter of law, the authority for the existence of Lincoln County, and all of its elected and appointed officials, emanates from the Missouri Constitution and state statutes. If the source of this authority defines the officers and employers of Lincoln County as "state" rather than "county" officials, then the AGCIC policies are a nullity, because they provide no coverage to anyone. This, of course, contradicts the policies themselves and their unambiguous intent.

    D. AGCIC contends that there is no coverage for the Lincoln County Defendants because they acted exclusively for personal reasons rather than being "motivated, at least in part, by a purpose to serve" Lincoln County. At the same time AGCIC's complaint acknowledges that, according to the Faria Complaint, the individual defendants were employed by Lincoln County and acting at all times under color of state law. Despite this inconsistency, the individual defendants could not have acted but for the fact of their public employment, and their activities as alleged in the Faria Complaint were, and could only be, incidental to that employment. The defendants, consequently, were "motivated, at least in part, by a purpose to serve" Lincoln County.

    E. AGCIC claims there is no liability coverage because the Lincoln County Defendants are immune from suit due to the doctrines of sovereign, official, and prosecutorial immunity. The success or failure of these defenses depends, of course, on the determination of facts in the Faria Complaint and the application of the law to those facts in the underlying action. And while the policies, of course, do not provide indemnity coverage for claims successfully defended by one or more of the various immunity doctrines, they do not establish the immunities, when asserted as a defense to a damages claim, as an exclusion or an exception to AGCIC's obligation to provide a defense.

6

5. For these reasons, AGCIC 's policy or policies provide insurance coverage to Lincoln County Defendants, and they ask the Court to so adjudge and declare.

### Prayer

Lincoln County Defendants request that the Court enter its judgment as follows:

1. Dismissing this action as untimely and for failure to state a claim on which relief can be granted;

2. Declaring that the AGCIC policy or policies provide coverage to the Lincoln County Defendants, including at minimum a defense to the Faria Complaint;

3. Declaring that an indemnity coverage determination based on the Faria Complaint's alleged intentional or wrongful misconduct of the Lincoln County Defendants cannot be made until such time as the allegations of that complaint have been finally adjudicated;

4. Denying plaintiff their requested relief;

5. Awarding Lincoln County Defendants their costs in this matter; and

6. Granting Lincoln County Defendants such other relief as is just and proper.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

*/s/ Neil J. Bruntrager*
Neil J. Bruntrager #29688
Attorney for Relators
1735 South Big Bend Boulevard
St. Louis, Missouri  63117
(314) 646-0066
(314) 646-0065  Fax

                                                          PAUL MARTIN P.C.

                                                          */s/ Paul Martin*_____
Paul Martin #M34428
Attorney for Lincoln County Defendants
9322 Manchester Road
St. Louis, Missouri  63119
(314) 805-8800
(314) 961-6107  Fax
paul@paulmartinpc.com

Certificate Of Service

     I hereby certify that on March 6, 2018 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the all counsel of record.

                                                        /s/ Paul Martin
                                                        Paul Martin #34428