UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Argonaut Great Central Insurance Company, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 4:17-cv-762 JAR |
| vs. | ) |
| | ) |
| Lincoln County, Missouri, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## LINCOLN COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Lincoln County, Ryan McCarrick, Patrick Harney, and Leah Askey (the "Lincoln County Defendants") move for judgment on the petition of Argonaut Great Central Insurance Company ("Argonaut") pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and in support state:

1. This case presents the question of whether Argonaut has a duty under its insurance policies[1] to defend and indemnify the Lincoln County Defendants from civil rights claims raised against them in *Faria v. McCarrick, et al.*, No. 4:16-CV-01175 JAR (the "Faria Complaint"), now pending before this court. *Plaintiff's First Amended Petition for Declaratory Judgment, Doc. #55 ("Petition")* ¶s *13, 25-37.*

2. Argonaut claims that it has no such duty, offering eight separate arguments that its policy, when applied to the Faria Complaint allegations, either fails to provide coverage to the Lincoln County Defendants or excludes them from coverage. *Petition ¶ 25-37.*

3. The Lincoln County Defendants have asserted the contrary in response to the Petition. *Answer And Counterclaim To Plaintiff's First Amended Petition, Doc. #72*

---

[1] Argonaut has filed two policies with the court but has alleged they are identical in their application. The Lincoln County Defendants accordingly will refer to these policies as one for ease of reference.

1

*("Counterclaim")*, and through this motion seek a judgment that: (a) Argonaut has a duty to defend them from the Faria Complaint, and (b) Argonaut's request for an adjudication on the question of indemnification is premature and should be dismissed as unripe.

4.     Argonaut has attached as Exhibits A and B to the petition the insurance policy it claims to be at issue and a copy of the Faria Complaint. *Petition ¶ 11.* For purposes of this motion, the Lincoln County Defendants admit that these exhibits are what they purport to be and further that said exhibits determine the scope of Argonaut's coverage responsibilities. In that there is no question of fact, judgment may be rendered as a matter of law.

5.     The applicable law, as demonstrated in the accompanying Lincoln County Defendants' Memorandum in Support of Their Motion for Judgment on the Pleadings, establishes that:

(a)     In determining whether Argonaut has a duty to defend, the court must compare the Argonaut policy language with the allegations in the Faria Complaint. If the underlying petition alleges facts that give rise to a claim *potentially covered* by the policy, the insurer has a duty to defend.

(b)     When relying on an exclusion to demonstrate no possibility of coverage, Argonaut has the burden of establishing that the exclusion applies.

(c)     Argonaut is not relieved of the duty to defend merely because the Faria Complaint may have been pleaded inartfully; any ambiguities must be resolved in favor of coverage.

6.     The Lincoln County Defendants are entitled to judgment on the pleadings and exhibits before the Court, because the Argonaut policy, when applied to the allegations of the Faria Complaint, requires Argonaut, at minimum, to provide a defense to the Lincoln County

Defendants. Judgment should be granted on each of Argonaut's claimed grounds for the following reasons:

    A.    Argonaut claims its policy only provides coverage for negligent acts, and since the Faria Complaint alleges only intentional misconductit is not covered by the Argonaut policy. *Petition ¶ 27*. This is wrong, as Argonaut's policy, on its face, provides coverage for intentional acts, regardless of negligence, and the Faria Complaint alleges such acts, thus providing coverage to the Lincoln County Defendants.

    B.    Argonaut claims that policy excludes coverage for acts malicious, criminal, and in knowing violation of the law, and the Faria Complaint alleges such acts. *Petition ¶ 30*. But Argonaut ignores other Faria allegations that the Lincoln County Defendants acted recklessly, incompetently, and with knowledge that their actions *may have* violated the law. Since Argonaut's policy does not exclude reckless or incompetent acts, or those that *may* violate the law, the policy requires Argonaut to defend the Lincoln County Defendants from the Faria Complaint.

    C.    Argonaut claims that its occurrence policy requires all wrongful acts to "collapse" into the first wrongful act, and that the Lincoln County Defendants' first wrongful act predated Argonaut's policy term. *Petition ¶s 28-29*.  But the Argonaut policy does not provide for any "relation back" policy exclusion, and Argonaut's interpolation of such a provision contravenes Missouri case law regarding contracts and regarding the date of an insurable event under an "occurrence" insurance policy. The insurable acts of the Lincoln County Defendants occurred within the Argonaut policy's coverage term.

3

D. Argonaut claims that its policy is "excess" over whatever insurance coverage was in force at the time of the Lincoln County Defendants' initial contact with Mr. Faria. *Petition ¶ 31*.  But Argonaut has not joined that carrier in this lawsuit, and as noted above, under Missouri law the alleged insurable acts of the defendants took place while the Argonaut policy was in effect. The Argonaut policy is thus primary for all claims of wrongful prosecution and conviction; it is not "excess".

E. Argonaut claims that coverage does not extend to defendant Askey, because Askey is a "state official" under the statutes of Missouri rather than an "elected official" of Lincoln County. *Petition ¶ 32*. This is incorrect. Defendant Askey was elected by the voters of Lincoln County and by law is bound to represent Lincoln County. She is an "elected official" of Lincoln County, and she is entitled to Argonaut's defense.

F. Argonaut claims that its coverage depends on the defendants having been "motivated, at least in part, by a purpose to serve" Lincoln County and that the Faria Complaint fails to establish such motivation. *Petition ¶ 33*. This is also incorrect, as both Argonaut's petition and the Faria complaint acknowledge that the individual defendants were employed by Lincoln County and acted on its behalf, in the scope of their authority, and under color of state law.

G. Argonaut also claims there is no liability coverage because the Lincoln County Defendants are immune from suit due to the doctrines of sovereign, official, and prosecutorial immunity. *Petition ¶ 34*. But on the face of the Faria Complaint, these immunities do not protect the Lincoln County Defendants.

H. Finally, Argonaut argues that there is no coverage under other parts of its policy,

4

specifically Commercial General Liability, Public Officials' Liability, and Commercial Excess Liability, *Petition ¶s 35-36*, but this argument is moot in light of the coverage provided under the Law Enforcement Liability part of the policy.

5. For all these reasons, the Lincoln County Defendants move that the Court:

(a) Declare that under the Argonaut policy, the plaintiff has a duty to defend the Lincoln County Defendants from the claims raised in the Faria Complaint, at plaintiff's cost;

(b) Deny plaintiff its requested relief;

(c) To the extent Argonaut seeks an adjudication of its responsibility to indemnify the Lincoln County Defendants for any judgment that might be entered against them in the Faria case, dismiss such claim as unripe, because such a determination cannot be made until such time as the allegations of the Faria Complaint have been finally adjudicated;

(d) Award the Lincoln County Defendants their costs in this matter; and

(e) Grant the Lincoln County Defendants such further relief as is just and proper.

Respectfully submitted,

BRUNTRAGER & BILLINGS, P.C.

*/s/ Neil J. Bruntrager*
Neil J. Bruntrager #M29688
Attorney for Lincoln County Defendants
1735 South Big Bend Boulevard
St. Louis, Missouri  63117
(314) 646-0066
(314) 646-0065  Fax
njbatty@aol.com

PAUL MARTIN P.C.

*/s/ Paul Martin*
Paul Martin #M34428
Attorney for Lincoln County Defendants
9322 Manchester Road
St. Louis, Missouri  63119
(314) 805-8800
(314) 961-6107  Fax
paul@paulmartinpc.com

Certificate Of Service

    I hereby certify that on March 9, 2018 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the all counsel of record.

/s/ *Paul Martin*
Paul Martin #M34428