# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Argonaut Great Central Insurance Company, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil Action No. 4:17-cv-762 JAR ) ) |
| Lincoln County, Missouri, *et al.,* | ) ) |
| Defendants. | ) |

## LINCOLN COUNTY DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO LINCOLN COUNTY DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

Defendants Lincoln County, Ryan McCarrick, Patrick Harney, and Leah Askey (the "Lincoln County Defendants") submit their Reply To Plaintiff's Memorandum In Opposition To Lincoln County Defendants' Motion For Judgment On The Pleadings, limiting their argument to matters not previously addressed by their dispositive motion memoranda.

1. Argonaut's Complaint About The Form Of The Lincoln County Defendants' Dispositive Motion Is Pointless.

As has been stated again and again in this case, the Court determines coverage based on the allegations of the underlying pleading and the language of the insurance policy. There is no factual dispute about these two items, which are incorporated in, and form the basis of, Argonaut's declaratory judgment petition. The Lincoln County Defendants' Motion For Judgment On The Pleadings accepts the two documents as the predicate for this Court's coverage determination, which is a question of law, and for purposes of their motion there is no need for any additional facts to be submitted to or considered by the Court. The Lincoln County Defendants are claiming that based on those two documents, Argonaut owes them a duty to

defend. Thus, the Motion For Judgment On The Pleadings seeks to dispense with Argonaut's petition on the face of the pleadings, and it is appropriate.

Argonaut's attempt to elevate form over substance ignores this simple, straightforward approach to the resolution of this claim by attempting to inject factual nuances based solely on the nature of the dispositive motion filed. It does absolutely nothing to detract from the force of the Lincoln County Defendants' motion. If it assuages Argonaut, the Court can treat the Lincoln County Defendant's motion for judgment on the pleadings as one for summary judgment. See *Larson v. American Wheel and Brake, Inc.*, 610 F.2d 506 (8th Cir. 1979). Even if the Court does not do so, and Argonaut is somehow correct on its claimed technicality, any error would be harmless since Argonaut had the necessary notice and opportunity to respond, and since in responding Argonaut raised no facts outside of the pleadings germane to the motion. See *Surgical Synergies, Inc. v. Genesis Associates, Inc.*, 432 F. 3d 870, 873 (8th Cir. 2005).

Argonaut's complaint about the nature of the Lincoln County Defendants' motion does not present a basis for the denial of the motion.

2. Argonaut's Claim That The Lincoln County Defendants' "Single Wrongful Act" Preceded Its Policy Period Is Without Merit.

As noted in the Lincoln County Defendants other dispositive motion memoranda, Argonaut's misinterpretation of the "single act" policy exclusion violates both Missouri law and the insureds' legitimate and reasonable coverage expectations, and if accepted would lead to arbitrary and unreasonable results.[1]

In addition, the Lincoln County Defendants credit the argument of defendant Merkel, who has aptly noted that the Faria Complaint includes many factual allegations of Mr. Faria's

---

[1] See Lincoln County Defendants' Memorandum In Support Of Their Motion For Judgment, On the Pleadings, Doc. 74.1, pp. 11-14, and their Memorandum In Opposition To Plaintiff's Motion For Summary Judgment, Doc. 89, pp. 6-10.

2

voluntary submission to the preliminary investigatory tactics that occurred in the waning days of 2011. These allegations lead to the conclusion that the 2011 activities ultimately may not be found "wrongful" by a jury, thus exploding Argonaut's claim of a preceding, and uncovered, "single wrongful act". See Defendant Merkel's Memorandum In Opposition To Plaintiff's Motion For Summary Judgment, Doc. 95, pp. 5-16. In these circumstances, the underlying complaint does not prove conclusively that there is no possibility of coverage, thus Argonaut must provide a defense under the policy. *Renco Group, Inc. v. Certain Underwriters at LLoyd's, London*, 362 S.W.3d 472 (Mo. App. 2012).

> 3. <u>Missouri Law Does Not Prohibit Insuring Against Intentional Or Reckless Behavior</u>.

Argonaut claims that Missouri case law prohibits insurers from providing coverage for intentional and reckless acts. This is categorically not true, and in doing so Argonaut misrepresents the germane Missouri case law and again ignores the allegations of the Faria Complaint.

Argonaut relies on *Easley v. American Family Insurance Co.*, 847 S.W.2d 811 (Mo. App. 1993), in which one high school student punched another student. Due to the force of the blow, the attacked student fell into a window, breaking the window and resulting in his ear being nearly severed from his head. The injured student successfully sued his attacker, then sought payment of the judgment from the attacker's home owner's liability insurer. The insurance policy excluded coverage if the injury was "expected or intended by any insured." The injured student argued that the *specific* injury was not expected or intended, consequently coverage should apply. The trial court agreed, but the Eastern District Court of Appeals rejected the argument, finding that the attacker intended to harm his victim. Because the physical attack,

3

with intent to harm, fell within the exclusion, the court granted the insured's motion for summary judgment. *Easley*, 847 S.W.2d at 812, 814.

In this context, the Missouri Court of Appeals indeed relied on the language quoted by Argonaut in its Memorandum In Opposition To Lincoln County Defendants' Motion For Judgment On The Pleadings:

> Missouri courts have consistently held that an insured's intentional infliction of damage cannot be deemed an accident and cannot be covered by liability insurance. Permitting an insured to insure himself against his wanton, reckless or willful acts would enable him to insure himself from bearing the consequences of his intentional acts and would, therefore, be contrary to public policy.

See Doc. 91, p. 11; *Easley*, 847 S.W.2d at 812. And this assertion makes sense. The law cannot allow people to insure themselves against their own willful and intentionally harmful acts.

But Argonaut rips this language out of context and attempts to present it as a stand-alone proposition that applies to all intentional acts. Argonaut thus reasons that as the acts of the Lincoln County Defendants were intentional, they are thus excluded from coverage by the *Easley* pronouncement. See Doc. 91, p. 11-13. Poppycock.

Argonaut's claim in fact contradicts the opinion of the Missouri Supreme Court, in the very case on which the *Easley* decision is premised, *American Family Mutual Insurance v. Pacchetti*, 808 S.W.2d 369 (Mo. 1991). In that case Pachetti administered cocaine to Anderson, who subsequently died due to overdose. Anderson's parents sued Pacchetti, who had a homeowner's insurance policy that, like in *Easley*, excluded claims for injury "expected or intended by any insured." The insurer argued that Anderson's death was an expected result of the intentional administration of the cocaine, hence the claim was excluded, but the Missouri Supreme Court rejected the argument:

> The insurer . . . does not automatically bring the exclusion into play simply by showing that cocaine is harmful, or that the insured's acts in providing it to Derek

4

were intentional. *Many intentional acts are within the coverage of liability insurance policies, even with this standard exclusion*. It must be shown not only that the insured intended the acts causing the injury, but that injury was intended or expected from these acts.

*Pacchetti*, 808 S.W.2d at 371 *(emphasis added)*. This language was quoted by the *Easley* court, 847 S.W.2d at 812, but apparently that somehow escaped Argonaut's attention.

If that isn't enough, the Missouri Supreme Court went even further in *Pacchetti*, obliterating the very argument that Argonaut attempts to make in the instant case:

We also reject the suggestion that a showing that the insured acted recklessly compels a finding that injury was expected. **Although recklessness is sometimes the legal equivalent of intention, liability insurance would be of scant value if coverage were to turn on a jury's finding that the insured acted recklessly rather than negligently**.

*Id. (Emphasis added.)*

So, contrary to Argonaut's representation to this Court, Missouri law does not prohibit insurance for injuries caused by intentional or reckless acts, but only for acts where the actor *intended to harm his or her victim.* Indeed, if Argonaut's premise is to be believed, then it has fraudulently accepted Lincoln County's insurance premiums, as its policy would never provide any protection at all from the insureds' necessarily "intentional" investigation, arrest, and prosecution of any suspected criminal. Argonaut's policy cannot be construed in this manner, and its misuse of the *Easley* case must be rejected.

As demonstrated in previous memoranda, the Faria Complaint includes copious allegations that the Lincoln County Defendants acted incompetently and recklessly. These allegations do not impute any intent to harm Mr. Faria, and by themselves are sufficient to hold

5

Argonaut to its coverage responsibilities.[2] The *Easley* case does not avail Argonaut in its attempt to avoid its contracted-for insurance coverage responsibilities.

    4.    <u>There Is No "Governmental Immunity" Exclusion</u>.

Argonaut's arguments on this issue are misplaced for reasons previously stated, and for the following reasons.

First, Argonaut claims that sovereign immunity "protects governmental entities and their officers", citing *Southers v. City of Farmington, 263 S.W.3d 603, 609 (Mo. banc 2010)*. See Argonaut's Memorandum In Opposition To Lincoln County Defendants' Motion For Judgment On The Pleadings, Doc. 91, p. 16. This is not true. Sovereign immunity applies to only governmental entities, not individuals. *Id.* And as noted previously, as a matter of law sovereign immunity cannot shield the county from civil rights liability. See Lincoln County Defendants' Memorandum In Support Of Their Motion For Judgment, On the Pleadings, Doc. 74.1, pp. 13-15, and their Memorandum In Opposition To Plaintiff's Motion For Summary Judgment, Doc. 89, pp. 20-22.

Second, official immunity does not apply to acts done in bad faith or with malice; rather it applies to alleged negligence occurring in the course of a public official's discretionary acts. *Blue v. Harrah's North Kansas City. L.L.C.*, 170 S.W.3d 466, 479 (Mo. App. 2005); *Davis v. Lambert-St. Louis Intern. Airport*, 193 S.W.3d 760, 763 (Mo. banc 2006). Argonaut has argued strenuously that the Faria Complaint does not allege negligence and is replete with allegations of malice and bad faith. In light of that argument, how on earth can Argonaut now claim that official immunity applies?

---

[2] See Lincoln County Defendants' Memorandum In Support Of Their Motion For Judgment, On the Pleadings, Doc. 74.1, pp. 5-11, and their Memorandum In Opposition To Plaintiff's Motion For Summary Judgment, Doc. 89, pp. 11-12.

As for qualified or prosecutorial immunity, the Faria Complaint expressly denies its application to the individual Lincoln County Defendants. See A*rgonaut Petition, Exhibit B,* ¶s *406-410 and 469-472 (Docs. 7 and 1.1).* Moreover, the consideration and determination of whether these doctrines apply is doctrinally complicated. Argonaut has not begun to scratch the surface of these issues in the instant case, and one would think that, if the application of the immunities are as certain as Argonaut suggests, the question should be determined at the behest of the counsel hired by Argonaut to defend the underlying case, rather than in this proceeding.

In sum, Argonaut cannot extricate itself from coverage responsibility, because it cannot prove, conclusively or otherwise under the Faria allegations, the application of its purported "immunity exclusions". See *Renco Group, supra.*

5. Conclusion.

 The remainder of Argonaut's response to the Lincoln County Defendants' Motion For Judgment On The Pleadings calls for no additional reply, as the matters raised have been fully addressed elsewhere. In sum, Argonaut presents no credible opposition to the motion, which should be granted by the Court.

        Respectfully submitted,

        BRUNTRAGER & BILLINGS, P.C.

        */s/ Neil J. Bruntrager*
        Neil J. Bruntrager #M29688
        Attorney for Lincoln County Defendants
        1735 South Big Bend Boulevard
        St. Louis, Missouri  63117
        (314) 646-0066
        (314) 646-0065  Fax
        njbatty@aol.com

PAUL MARTIN P.C.

*/s/ Paul Martin*_____
Paul Martin #M34428
Attorney for Lincoln County Defendants
9322 Manchester Road
St. Louis, Missouri  63119
(314) 805-8800
(314) 961-6107  Fax
paul@paulmartinpc.com

Certificate Of Service

    I hereby certify that on April 18th, 2018 the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the all counsel of record.

/s/ *Paul Martin*_____
Paul Martin #M34428

8