IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) ) |
| LINCOLN COUNTY, MISSOURI, *et al.*, | ) ) ) |
| Defendants. | ) |

Cause No.: 4:17-CV-00762-JAR

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT MICHAEL MERKEL'S
MOTION FOR SUMMARY JUDGMENT**

The resolution of the cross-motions pending before this Court is, despite the number of pages of argument submitted on the matter, relatively simple: is there a *possibility* that *at least part* of the wrongful conduct alleged to have been committed by the Government Defendants in the Underlying Complaint is covered by the Policy? The answer is, of course, yes, and accordingly Insurer must honor its duty to defend. Again, under clearly established law, an insurer's duty to defend is triggered when the allegations in the underlying lawsuit allege facts that "give rise to a claim potentially within the policy's coverage," and an insurer is relieved of this duty only if there is "*no possibility*" of coverage. *Allen v. Bryers*, 512 S.W.3d 17, 31 (Mo. 2016) (emphasis original). Insurer's argument relies upon an inversion of this standard. It believes that because *some* claims are arguably outside of coverage, or that there is a theoretical possibility that there is no coverage, then it has no duty to defend or indemnify. Insurer is wrong as a matter of law. As Defendant Merkel has already demonstrated, the Underlying Complaint alleges conduct that is potentially covered. Insurer therefore must honor its duty to defend Merkel, Insurer's claims that it has no duty to indemnify are not ripe, and Merkel is entitled to judgment as a matter of law.

**Insurer's Claim that it Has No Duty to Indemnify is Not Ripe**

In this particular case, it cannot be conclusively determined as matter of law that there is no possibility that any of Faria's allegations in the Underlying Complaint are covered by the Policy. Insurer's position on indemnity is untenable for the reason that, in the this particular instance, it would constitute an invasion of the province of the fact-finder in the Underlying Lawsuit. A reasonable jury could conclude that the only tortious or actionable conduct occurred during the Policy's coverage period. Insurer cannot demonstrate that there is "no possibility" of coverage, and accordingly its claim that it has no duty to indemnify is unripe.

Insurer's cited authorities do not support its contention that its claim on indemnity is ripe for review. Its principal authority, *Scottsdale Ins. Co.*, did not hold that indemnity claims are always ripe, but rather simply that the particular case before it was not ripe because there was absolutely *no possibility* that any of the allegations could be covered. **Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC**, 620 F.3d 926, 934 (8th Cir. 2010)  (concluding that all allegations in the underlying complaint unambiguously fell within policy's "pollution exclusion"). As but one example to the contrary, the Eighth Circuit has held that where allegations in a complaint "raised any claims that *could* be subject to coverage," the duty to defend is triggered and the "narrower" question of duty to indemnify then "must await the facts." **Am. Home Assurance Co. v. Pope**, 487 F.3d 590, 598 (8th Cir. 2007) (emphasis original) (interpreting and applying Missouri insurance law). Indeed, contrary to Insurer's contention, the federal courts do not as a categorical rule find that duty-to-indemnify claims are generally ripe. In fact, the rule is generally that they are *not* ripe. **Molex Inc. v. Wyler**, 334 F. Supp. 2d 1083, 1087 (N.D. Ill. 2004); **Hartford Fire Ins. Co. v. Interdigital Communs. Corp.**, 464 F. Supp. 2d 375, 380 (D. Del. 2006); **Hernandez v. Cty. of Dupage**, No. 96 C 8030, 1998 U.S. Dist. LEXIS 18877, at *31 (N.D. Ill. Nov. 19, 1998). Faria's

Underlying Complaint does not exclusively assert allegations that are unambiguously excluded from coverage under the Policy, and accordingly Merkel is entitled to judgment as a matter of law that Insurer's claim that it has no duty to indemnify him are unripe and must be dismissed.

Defendant Merkel does not contend that the question of whether Insurer must honor its duty to defend is not ripe. However, Defendant Merkel has demonstrated that Insurer must defend him in the Underlying Complaint. In light of this fact, and in light of the fact that there is a possibility that some of Faria's allegations against the Government Defendants may be covered by the Policy, Insurer's claim that it has no duty to indemnify is not ripe, and Merkel's Motion for Summary Judgment should be granted on this point.

**Single Act Provision Does Not Relieve Insurer of Duty to Defend**

In his Underlying Complaint consisting of over eighty pages, Faria made literally hundreds of allegations against the Government Defendants, spanning a period of over two years. (Doc. 77-10). Again, Insurer bears the burden to establish that there is "*no possibility*" of coverage to be relieved of its duty to defend. *Allen*, 512 S.W.3d at 31. As Merkel established more completely in his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment[1], the Underlying Complaint did not unambiguously allege that any actionable conduct occurred in 2011, a jury could conclude that *no* actionable conduct occurred in 2011, and non-actionable conduct cannot be combined with actionable conduct to create a single "wrongful act." (Doc. 95, Pages 3-12, PageID 1577-1586; Doc. 79, PageID 1425-1430). Insurer cannot ignore the totality of the allegations made in the Underlying Complaint and present its interpretation that actionable conduct *must* have occurred in 2011; in other words, the issue is not so much whether the conduct alleged in the

---

[1] Defendant Merkel expressly incorporates his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment (Doc. 95), and its attachments (Doc. 95-1), by this reference as if fully set forth herein, and all arguments made therein are raised here; *see also* Defendant Merkel's Memorandum in Support of his Motion for Summary Judgment, Doc. 79, PageID 1425-1430.

Underlying Complaint is "related" but rather whether all such conduct is independently actionable. The "duty to defend *potentially insured claims* arises even though claims beyond coverage may also be present." **Renco Grp., Inc. v. Certain Underwriters at Lloyd's, London**, 362 S.W.3d 472, 480 (Mo.App. E.D. 2012) (emphasis original; citations and quotation marks omitted). There is distinct possibility that a jury could conclude that if Government Defendants committed any actionable conduct, it did not occur until 2012, and it would accordingly be "premature" to foreclose Government Defendants "from coverage in case they are held liable for the damages stemming from said occurrences." *Id.* at 481. If the Court accepts Insurer's argument, by contrast, Government Defendants would be left with a judgment from this Court with *res judicata* effect that Insurer has no duty to indemnify when the fact-finder concluded otherwise. Accordingly, since there exists a *possibility* that Insurer will have to indemnify Government Defendants, Insurer's duty to defend is triggered.

Moreover, to the extent that Insurer argues that insurable conduct occurred *only* in 2011, Insurer's complaint must be dismissed for failure to join in this action whatever insurance company carried Government Defendants in that year. Insurer here is attempting to force another carrier to satisfy its obligations to defend and indemnify in the Underlying Complaint, and that insurance carrier therefore is a necessary and indispensable party to this action. Plaintiff's Complaint should accordingly be dismissed *See*, *e.g.*, **Schweyer Imp.-Schnittholz GmbH v. Genesis Capital Fund, Ltd. P'ship**, 220 F.R.D. 582, 593 (S.D. Iowa 2004); **EEE Minerals, LLC v. North Dakota**, 318 F.R.D. 118, 129 (D.N.D. 2016) (both dismissing cases for failure to include necessary and indispensable parties).

Insurer also attempts to argue that Defendant Merkel's argument lack force for the reason that he presents an alternative argument regarding the Single Act Provision. (Doc. 92, PageID

1507). Merkel states unequivocally that the Single Act Provision is not ambiguous, and non-actionable conduct cannot be consolidated with actionable conduct to create a single "wrongful act." However, to the extent that this Court might find it susceptible to more than one reasonable interpretation, then the provision is *ipso facto* ambiguous, and ambiguous insurance clauses are drafted most strongly against the insurer. **Burns v. Smith**, 303 S.W.3d 505, 511-512 (Mo. 2010). Insurer likewise quibbles with Merkel's analogy, so Merkel will present this one that even more clearly demonstrates that the Single Act Provision cannot be read to include non-actionable conduct: if one were to shift the timeline of the events in the Underlying Complaint only slightly such that Betsy's murder occurred December 31, 2011, and Faria's 911 call to police came in at 11:55 that evening, and law enforcement arrived at the scene at 11:59 p.m., Defendant could not claim that those initial law enforcement activities that occurred in 2011 should be consolidated with all subsequent "wrongful acts" into one that "first occurred" prior to the coverage period of the Policy. It would be an absurdity to include police officers' driving to the scene as part of one "wrongful act" that defeats coverage.

Insurer's claim that the Single Act Provision *arguably* could result in the allegations of the Underlying Complaint being combined into a single act that occurred prior to the coverage period of the Policy does not satisfy its burden to show that there is "*no possibility*" of coverage. **Allen**, 512 S.W.3d at 31. Accordingly, Merkel is entitled to judgment as a matter of law that Insurer must honor its duty to defend him in the Underlying Complaint.

**Exclusions Do Not Defeat Insurer's Duty to Defend**

Insurer claims two exclusion clauses in the Policy relieve it of its duty to defend. (Doc. 92, pgs. 9-12, PageID 1507-1510). Again, Insurer inverts the law. An exclusionary clause will only relieve an insurer of its duty to defend if there are *no* allegations in the underlying lawsuit that do

not qualify for the exclusion. ***Truck Ins. Exch. v. Prairie Framing, LLC***, 162 S.W.3d 64, 89 (Mo.App. W.D. 2005) (duty to defend attached even though *some* of the allegations in a petition were excluded from coverage); ***Renco Grp., Inc.***, 362 S.W.3d at 480. If there is *at least one* allegation in an underlying lawsuit that is arguably covered by an insurance policy, an insurer must defend its insured. ***Id.*** Insurer here can point to all the allegations it wants that arguably come within these exclusions, but the fact remains that Faria alleged that Merkel and the other Government Defendants committed acts that were not "intentional" or "malicious." Doc. 79, PageID 1425-1427; Doc. 79-1, PageID 1434-1435, ¶¶ 2-4. Accordingly, Insurer cannot demonstrate that there is "*no possibility*" of coverage, and Merkel is entitled to judgment as a matter of law. ***Allen***, 512 S.W.3d at 31.

### Insurer May Not Shift its Contractual Obligations to Another Insurance Company

Insurer attempts to interject another insurance carrier into this case without formally joining it as a party. Insurer's failure to join MOPERM, which it now claims has a duty to defend and indemnify Government Defendants, is fatal, and its complaint must be dismissed. As has been established, Insurer's coverage in this case is primary. Alternatively, it cannot yet be determined which insurance is primary since liability and the duty to indemnify has not and cannot be determined at this point. Moreover, to the extent Plaintiff's request for relief requires this Court to declare that some other insurance company owes Government Defendants duties to defend and indemnify, it must be denied for the reason that Plaintiff has failed to join MOPERM as a necessary and indispensable party. *See* ***Navigators Mgmt. Co. v. St. Paul Fire & Marine Ins. Co.***, No. 4:06cv1722SNLJ, 2009 U.S. Dist. LEXIS 3771, at *7-8 (E.D. Mo. Jan. 9, 2009). Plaintiff here cannot ask this Court to declare that an entity that is not party to this suit and who accordingly lacks the opportunity to defend itself must instead shoulder Plaintiff's legal obligations. Merkel's

SOCF, Doc. No. 95-1, PageID 1599-1604, ¶¶ 18-22. Defendant Merkel also moves to strike all purported "facts" submitted by Plaintiff in furtherance of this argument as improperly authenticated. Evidence submitted at summary judgment stage must be properly authenticated and meet the same standards imposed by the Federal Rules of Evidence on admissibility at trial. ***In re Acceptance Ins. Cos., Sec. Litig.***, 352 F. Supp. 2d 940, 950 (D. Neb. 2004) (striking from summary judgment record improperly authenticated records). Plaintiff's Motion for Summary Judgment must be denied on this point.

### Other Coverage Parts

Merkel contends that questions regarding whether the Policy's other coverage parts other than the Law Enforcement Activity part cannot yet be properly addressed for the reason that questions regarding Insurer's duty to indemnify are not ripe. *See supra*; Doc. 79, PageID 1421; Doc. 95, PageID 1588.

### Sovereign Immunity Non-Waiver Provision Does Not Defeat Coverage

Plaintiff did not raise any new arguments in its Memorandum in Opposition to Defendant Merkel's Motion for Summary Judgment (Doc. 92) regarding the sovereign immunity provision in the Policy that need be addressed; Defendant Merkel has sufficiently demonstrated through its filings in these cross-motions for summary judgment that it does not defeat Insurer's duty to defend Merkel. Doc. 79, PageID 1430-1432; Doc. 95, PageID 1588-1589.

### Conclusion

Cases finding that insurers are relieved of their duties to indemnify and/or defend always involve factual circumstances in which it would be *impossible* for coverage to exist. *See, e.g.,* **W.**

*Heritage Ins. Co. v. Love*, 24 F. Supp. 3d 866, 882 (W.D. Mo. 2014) (mathematically impossible for damages to exceed deductible). That is simply not the case here. Insurer cannot conclusively establish that there is "*no possibility*" of coverage, and accordingly Merkel is entitled to judgment as a matter of law that Insurer must defend him in the Underlying Complaint.

        Respectfully submitted,

        **PLEBAN & PETRUSKA LAW, L.L.C.**

By:    /s/ *Steven R. Kratky*
       J.C. Pleban, MO#63166
       jc@plebanlaw.com
       C. John Pleban, MO#24190
       cpleban@plebanlaw.com
       Steven R. Kratky, MO#61442
       skratky@plebanlaw.com
       2010 South Big Bend Blvd.
       St. Louis, Missouri 63117
       (314) 645-6666 – Telephone
       (314) 645-7376 – Facsimile

*Attorneys for Defendant Merkel*

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies that he caused to be served a true and complete copy of the foregoing upon all counsel of record on this 19th day of April, 2018, via the Court's electronic filing system.

        /s/ Steven R. Kratky