# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ARGONAUT GREAT CENTRAL INSURANCE COMPANY,   )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>LINCOLN COUNTY, MISSOURI, et al.,  )<br>)<br>Defendants.  )<br>)<br>and  )<br>)<br>MISSOURI PUBLIC ENTITY RISK MANAGEMENT (MOPERM),  )<br>)<br>Defendant.  ) | Case No.   4:17-CV-00762-JAR |

## COUNTERCLAIM BY DEFENDANT INTERVENOR MOPERM

Comes now the defendant intervenor, Missouri Public Entity Risk Management Fund (MOPERM), by counsel, Berry Wilson, LLC, Michael G. Berry, pursuant to 28 U.S.C. § 2201, against the plaintiff, Argonaut Great Central Insurance Company (Argonaut), and for its counterclaim, states:

### STATEMENT OF THE COURT'S JURISDICTION

1. MOPERM is a body corporate and politic created by the Missouri General Assembly. Section 537.700, RSMo.

2. MOPERM's office is in Cole County, Missouri, and MOPERM is a Missouri public entity, and therefore, a resident of the State of Missouri.

3. The Court is presently exercising jurisdiction over the instant matter under by 28 U.S.C. § 1332.

4. On information and belief, all defendants in the instant case (the Coverage Action) are Missouri residents.

5. Defendant Argonaut Great Central Insurance Company (Argonaut), is a foreign insurance company.

6. By aligning MOPERM as a counterclaim defendant against Argonaut, complete diversity of citizenship can be preserved, as required by 28 U.S.C. § 1332.

7. The Court has jurisdiction to render the declaratory judgment MOPERM seeks under 28 U.S.C. § 2201, in that there is a justiciable controversy between MOPERM and Argonaut, as asserted below.

## MOPERM'S CLAIM FOR DECLARATORY RELIEF

8. MOPERM was established by the legislature to provide liability coverage for Missouri public entities and their elected and appointed officials.  Section 537.705, RSMo.

9. MOPERM's board of directors is authorized by statute to determine the liability coverage MOPERM offers, subject to express limits on MOPERM's authority set by statute as more particularly set out in Sections 537.730,755, RSMo.

10. By statute MOPERM is prohibited from making any payment on any claim unless and until all other insurance is exhausted. Section 537.755.2, RSMo. ("No payment shall be made from the fund or any policy of insurance procured by the fund unless and until the benefits provided to pay the claim by any other policy of liability insurance have been exhausted.").

11. MOPERM incorporates and adopts by this reference the policies of liability insurance, and all applicable declarations and endorsements, filed by Argonaut in these proceedings, whereby Argonaut insures some or all defendants named in the complaint, as amended, filed in Case No. 4:16-CV-01175 JAR (the Liability Suit), which complaint as amended MOPERM incorporates by this reference without attaching it to this Counterclaim.

12. On or about January 1, 2011, MOPERM issued liability coverage to Lincoln County, Missouri, with a coverage period between the dates of January 1, 2011 and January 1, 2012, pursuant to a memorandum of coverage, declarations, and endorsements which are attached hereto and incorporated herein by this reference as Exhibit A.

13. MOPERM incorporates and adopts by this reference the complaint as amended in the Liability Suit, not for the truth of the allegations made but to establish the fact of the filing of that suit and the fact of the allegations being made in it.

14. Based on the complaint filed by him in the Liability Suit, plaintiff therein, Russell Scott Faria (Faria), alleges that he was detained on or about December 27, 2011 and released on December 29, 2011, by or on account of actions by one or more of the Lincoln County defendants in the Liability Suit.  Complaint at ¶¶ 37-39 (First Detention).  Although MOPERM disputes that these actions were unlawful or amounted to a detention or seizure of the person under the 4th and 14th Amendments to the US Constitution, MOPERM identifies these allegations for purposes of determining its duty to defend the Liability suit for any Lincoln County defendant therein.

15. The complaint as amended in the Liability Suit, also asserts that Faria was detained on or about January 4, 2012, by or on account of actions by one or more Lincoln County defendants in the Liability Suit, and that he was on that date or thereafter by one or more of them arrested, charged with the murder of his wife, prosecuted, convicted, and wrongly imprisoned.  Complaint at ¶¶ 40-52 (Second Detention).  Although MOPERM disputes that these actions were unlawful, MOPERM accepts the allegation for purposes of determining its duty to defend the Liability suit for any defendant therein.

16. Subject to all other terms and conditions of its memorandum of coverage, MOPERM provided the Lincoln County defendants in the Liability Suit

with coverage and a defense for an "occurrence" during its coverage period, defined as follows:

**Occurrence** as applied to COVERAGES A and B means an accident during the coverage period, or an event that first occurs during the coverage period, or continuous, intermittent or repeated exposure to conditions that commence during the coverage period, any of which accidents, events or exposures causes B**odily Injury** or **Property Damage** neither expected nor intended by the **Covered Party**. As applied to COVERAGES C and D, **Occurrence** means an accident during the coverage period, or an event that first occurs during the coverage period, or continuous, intermittent or repeated exposure to conditions that commence during the coverage period, any of which accidents, events or exposures causes **Bodily Injury**, **Personal Injury** or **Property Damage** neither expected nor intended by the **Covered Party**. As applied to COVERAGES A, B, C and D, all injuries or damages arising out of continuous or repeated exposure to substantially the same general condition shall be considered as arising out of one **Occurrence.**

Exhibit A, Memorandum of Coverage, at 6.

17. Argonaut's policy provides law enforcement coverage based upon damages from a "wrongful act," as follows:

**SECTION I – COVERAGES**

**A.     Insuring Agreement**

We will pay those sums that the insured becomes legally obligated to pay as "damages" resulting from a "wrongful act" to which this insurance applies that is committed during the course and scope of "law enforcement activities", or which arise out of your ownership, maintenance or use of premises for the purpose of conducting "law enforcement activities".

* * *

This insurance applies to "damages" arising out of "wrongful act" only if the "wrongful act" was first committed:

    a.     By an insured in the course of his or her "law enforcement activities" and

    b.     During the policy period.

Argonaut Law Enforcement Liability Policy at 1 of 8.

18. On July 9, 2018, Argonaut demanded that MOPERM contribute toward the cost of its defense in the Liability Suit, including future defense costs, which MOPERM disputes owing to Argonaut for reasons set out below.  A copy of

6

Argonaut's demand letter, as redacted, is attached hereto as Exhibit B and incorporated by this reference for all purposes.

19. MOPERM has been providing a defense subject to reservation of rights on some claims against some defendants in the Liability Suit.

20. Argonaut's demand of MOPERM presents a justiciable controversy arising out of a contract of liability coverage issued by MOPERM and Argonaut, respectively, as identified above.

21. Argonaut's position is that MOPERM provides coverage on a primary basis for some or all claims Argonaut is defending in the liability action, and that MOPERM is legally obligated to contribute toward the past and future cost of defense with Argonaut.

22. MOPERM's position is that MOPERM owes some or all Lincoln County defendants a duty to defend the claims against them on the basis of the First Detention (which Faria asserts occurred during the period of time ending on December 29, 2011, as alleged in Faria's complaint, as amended, in the Liability Suit). It is further MOPERM's position that those allegations by Faria assert the factual basis for an "occurrence" under MOPERM's memorandum of coverage because the events giving rise to those allegations occurred for coverage purposes during MOPERM's coverage period, ending January 1, 2012. It is further MOPERM's position that MOPERM has no coverage for, and no duty to defend,

Faria's claims arising out of his Second Detention occurring at the time of January 4, 2012 arrest, including his detention, prosecution, conviction, and imprisonment, because those events and the first damage arising from them occurred for coverage purposes outside of MOPERM's coverage period, which ended on January 1, 2012.  Finally, it is MOPERM's position that MOPERM is precluded by law, Section 537.755.2, from paying Argonaut for defending any insured because the limit of Argonaut's coverage has not been exhausted.

Wherefore, MOPERM prays that the Court determine that, for purposes of MOPERM's duty to defend any Lincoln County defendant:

a) That for purposes of MOPERM's duty to defend, the events alleged by Faria to have ended in his release from detention on December 29, 2011, amount to a separate occurrence from the arrest and detention of January 4, 2012, and his contemporaneous or subsequent prosecution, conviction, and imprisonment;

b) MOPERM has no duty to defend any claims associated with Faria's arrest and detention of January 4, 2012, and his contemporaneous or subsequent prosecution, conviction, and imprisonment;

c) MOPERM has no statutory authority to pay Argonaut to defend any Lincoln County defendant unless and until the limit of Argonaut's liability coverage is exhausted.

MOPERM further prays for its costs herein expended and incurred, and such further relief as the Court deems just.

BERRY WILSON, L.L.C.


 /s/  Michael G. Berry
Michael G. Berry, #33790
Marshall V. Wilson, #38201
Theodore L. Lynch, #68221
200 East High Street, Suite 300
P.O. Box 1606
Jefferson City, MO  65102
(573) 638-7272
(573) 638-2693 (Facsimile)
theodorelynch@berrywilsonlaw.com
michaelberry@berrywilsonlaw.com
marshallwilson@berrywilsonlaw.com

Attorneys for Defendant Intervenor

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served electronically upon all counsel of record on this 6th day of August, 2018.

 /s/  Michael G. Berry
Michael G. Berry